ALEXANDER McKEE, ADMINISTRATOR OF JAMES McKEE, vs. JAMES BADEN.—*December* 1845.

In an action by an administrator, to recover the value of goods sold and delivered by him, where the issues were made up on the pleas of *non assumpsit,* and payment, the defendant proved the admission of the plaintiff to the defendant, that there was no necessity for the defendant giving his notes for the articles purchased, as he, the plaintiff, would give the defendant credit for the amount, on a judgment due from the plaintiff's intestate to the defendant. There was no evidence that the defendant consented to the arrangement. HELD, no defence to the action.

The plaintiff then proved, that the judgment in question had been assigned by the defendant prior to the sale; HELD, that if the plaintiff was ignorant of the assignment, at the time of his admission, and if the defendant, at the same time, concealed the fact of such assignment from him, it was a fraud on the plaintiff.

APPEAL from *Prince George's* county court.

This was an action of *assumpsit* brought by the appellant on the 16th December 1842, against the appellee, for articles sold and delivered by the appellant to him, to amount of $212.50. The defendant pleaded *non assumpsit,* and payment, on which issues were joined.

At the trial of this cause, the plaintiff first proved to the jury, by the testimony of *John L. Townshend,* the sale and delivery of articles charged in the account on which the present suit is brought, at a sale made by the plaintiff as the administrator of one *James McKee,* at the prices therein charged.

The defendant then gave in evidence to the jury, that the plaintiff admitted to defendant, in the presence of witness, the said plaintiff's intestate, *James McKee,* was indebted to defendant in a larger sum than the amount of defendant's purchase at the sale of said plaintiff, as administrator of said *James McKee;* and that there was no necessity for defendants giving him his note for the articles purchased at the sale, and for the

value of which this action is brought, as he, the plaintiff, would give defendant credit for the amount so purchased on the debt due from plaintiff's intestate to said defendant.

The plaintiff objected to the admissibility of said evidence, under the pleadings and issues in the cause, and prayed the court so to instruct the jury. But the court, (C. DORSEY, A. J.,) refused to grant the instruction, and were of opinion and so instructed the jury, that the aforesaid evidence, if believed by them, amounted in law to payment of said account for the articles so as aforesaid sold and delivered by the plaintiff to the defendant, if they should find from the evidence, such sale and delivery; to which opinion of the court, and the refusal to grant the instruction as prayed, the plaintiff excepted.

The plaintiff then, for the purpose of explaining to the jury the agreement, so as aforesaid given in evidence by the defendant to the jury, read to the jury, from the dockets of *Prince George's* county court, the record of a judgment rendered in said court in favour of the said defendant against the said *James McKee*, which judgment appeared, from the said docket, to be entered for the use of one *Samuel Childs*, at the April term 1827; and for the further use of *Hopkins* and *Moore*, at subsequent terms of said court, and continued so entered to the use of *Childs* and *Hopkins* and *Moore*, down to the time of the said sale, and the time of the agreement aforesaid; and then proved, that the said agreement was entered into with reference to the said judgment; and that the plaintiff and defendant, upon said agreement, referred to the aforesaid judgment, and none other.

The defendant further proved to the jury, that the plaintiff admitted to witness, in a conversation held with him since the institution of this suit, that after the said judgment had been entered for the use of *Childs*, the defendant in this action gave the plaintiff's intestate an order on said *Childs* (who had sold defendant's tobacco,) for the amount due on said judgment to *Childs*, and that the said judgment then belonged to said defendant.

The plaintiff then prayed the court to instruct the jury, that if they find, from the evidence in the cause, that at the time

the plaintiff made the aforesaid agreement, it had relation to the aforesaid judgment; and if they further find, that said judgment was assigned, at the time, to the said *Childs* and *Hopkins* and *Moore*, and stood on the docket of the court so assigned, that then said agreement to give the defendant credit, if believed by them, was inoperative and void for the want of consideration. But the court refused to grant the prayer of the plaintiff's counsel, and instructed the jury, that said agreement, if believed by them, did operate in law as a payment of said account, although they might find from the evidence, that it related to said judgment, and that said judgment was assigned to the said *Hopkins* and *Moore* at the time of said agreement; provided they further find from the evidence, that the plaintiff had no knowledge of said assignment at the time of said agreement. To which opinion of the court, and to their refusal to grant the plaintiff's prayer, the plaintiff also excepted.

The verdict and judgment being against the plaintiff, he appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By T. F. BOWIE for the appellant, and
By D. C. DIGGES for the appellee.

MAGRUDER, J., delivered the opinion of this court.

The plaintiff sold goods, a part of the estate of his intestate, *James McKee*, to the defendant, and to recover the value of those goods, this suit was instituted in *Prince George's* county court. The sale of the goods, and at the prices charged, was proved, and the plaintiff was entitled to a verdict for the sum claimed, unless in the testimony introduced into the exception taken in the case, there is to be found proof that the claim was discharged.

It appears, that sometime previously to the sale, a judgment was recovered against the plaintiff's intestate, upon a claim which the defendant had against him; and it is insisted, that an agreement between the parties to this suit, will defeat the plaintiff's action. All that the exception tells us, in relation to this agreement, is to be found in these words:

"The plaintiff admitted to the defendant, in the presence of witness, that there was no necessity for the defendant giving his notes for the articles purchased at the sale, and for the value of which this action is brought, as he, the plaintiff, would give the defendant credit for the amount so purchased, on the debt due from the plaintiff's intestate to said defendant."

It is impossible that such testimony could be of any advantage to the defendant. The testimony must be misstated, though it is out of our power to correct it. The attempt on the part of the defendant, it is presumed, was to prove an agreement between himself and the plaintiff, that one of them proposed, and it was agreed to by the other, that the amount of the goods purchased, and which was less than the amount of the judgment, should be deducted, by the defendant, from the amount of the judgment; yet it nowhere appears, that the defendant consented to any such arrangement.

The plaintiff, then, to show that the defendant, if he had entered into such an agreement, could not have executed it, offered proof, that the judgment of the defendant had been assigned to another person; and the plaintiff, thereupon, asked the court to instruct the jury, that if the agreement had relation to that judgment, (of this there was proof,) and the judgment had been assigned previously to other persons, (as was proved,) then the agreement was inoperative, &c.

The court, after refusing to give this instruction, proceeded to instruct the jury, that "said agreement, if believed by the jury, did operate in law as payment of said account, although they might find from the evidence, that it related to said judgment, and that said judgment was assigned to said _H._ and _M._, at the time of said agreement, provided they further found from the evidence, that the plaintiff had no knowledge of said assignment at the time of said agreement."

We are of the opinion, that if the plaintiff was ignorant, at the time of the agreement for the assignment, the defendant could have no right to the credit which he claimed. If, in truth, the defendant did make the agreement, and at the time, concealed from the plaintiff the assignment of the judgment, then he practised a gross fraud upon the plaintiff. Nor can it

be understood, how the defendant could pay this claim with the judgment, which the instruction assumes, had become the property of others.

The pleas in this case, are *non assumpsit* and payment, and it has been made a question, whether the testimony will support either of those pleas, or whether, in order to avail himself of it, the defendant must not plead accord with satisfaction. This question may properly arise when a different statement of facts is furnished. All that can be said at present is, that there is in the record no agreement, which upon any issues that could have been joined, would have entitled the defendant to a verdict, or have warranted the instructions that were given.

JUDGMENT REVERSED AND PROCEDENDO ORDERED.